1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRENTICE R. THOMAS, | Case No.  1:22-cv-01492-BAM |
| Plaintiff, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT |
| v. | |
| B. WEAVER, et al., | Doc. 1 |
| Defendants. | **THIRTY (30) DAY DEADLINE** |

Plaintiff Prentice R. Thomas ("Plaintiff") is a county jail inmate proceeding *pro se* and *informa pauperis* in this civil rights action.  Plaintiff's complaint is currently before the Court for screening.  (Doc. 1.)

### I.      Screening Requirement and Standard

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis.  28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.    Summary of Plaintiff's Allegations

Plaintiff names as Defendants: (1) B. Weaver (#11520), officer at Fresno County Sheriff's Office, (2) Justin Garcia, Fresno Police Officer (P2019), (3) Adriana Ponce, Fresno Police Officer (P1716), and (4) Lily Hitchner, M.D. at Community Regional Medical Center ("CRMC").

In claim 1, Plaintiff alleges a violation of Due Process. On September 8, 2022, while Plaintiff was in the custody of B. Weaver, B. Weaver ordered registered nurse of CRMC to assault Plaintiff. The RN tackled Plaintiff, Plaintiff hit his head on the hospital floor and severely injured his back and caused mobility issues. Plaintiff also has a hard time sleeping because of the nightmares from the assault and cannot hold his body fluids while sleeping. Plaintiff is not able to hold an erection because of the actions of the registered nurse.

In claim 2, Plaintiff alleges a violation of medical care. On August 30, 2022, Plaintiff was brought to the emergency room. Plaintiff complained of pain mostly caused by excessive force by Officer Lily Hitchner, a witness did nothing to help Plaintiff. Plaintiff had been tased. Thirty minutes after Plaintiff left CRMC, he was brought back and admitted into the hospital. Plaintiff had died. Plaintiff was brought back "after he was given 3 cans for narcane after being found non responsive by the Fresno County Jail Sheriff Officers." On September 8, 2022, Plaintiff was released from CRMC with a treatment plan that has not been followed by the Fresno County jail medical staff of "Well Path." On September 8, 2022, Plaintiff was assaulted by a registered nurse

at CRMC who was the same R.N. who was to care for Plaintiff's medical needs while an inpatient on the 9th floor. On September 8, 2022, the R.N. tackled Plaintiff and caused Plaintiff immense back pain and mobility issues.

In claim 3, Plaintiff alleges a violation of his Due Process rights. On August 30, 2022, Plaintiff was assaulted at CRMC by Justin Garcia (p2019) and officer Adriana Ponce (p1716) while Plaintiff was talking to medical staff that Plaintiff was having chess pain and pain on his left side of his body. Officers took turns applying pressure point holds on Plaintiff's neck and other areas.  The officers forced Plaintiff to leave CRMC only to return 30 minutes later nonresponsive.  CRMC medical staff could not take Plaintiff's blood pressure and other vitals because Fresno Policy officers were crowding around Plaintiff's bed side.  Staff was unable to do their job effectively.

As remedies, Plaintiff seeks compensatory and punitive damages.

### III.    Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983.  Because he is proceeding pro se, Plaintiff will be granted leave to amend his complaint to the extent that he can do so in good faith.  To assist Plaintiff, the Court provides the pleading and legal standards that appear relevant to his claims.

### A.    Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Although Plaintiff's complaint is short, it is not a plain statement of his claims. As a basic matter, the complaint does not clearly allege Plaintiff must state sufficient factual support for each

claim.  Plaintiff files an amended complaint, it should be a short and plain statement of his claims, and must include factual allegations identifying what happened, when it happened and who was involved. Fed. R. Civ. P. 8.

     **B.**     **Federal Rules of Civil Procedure 18 and 20**

     The Court cannot determine if the allegations violate the rules against joinder. Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007); *Mackey v. Price*, 2020 WL 7319420, at \*3–4 (E.D. Cal. Dec. 11, 2020), report and recommendation adopted, 2021 WL 843462 (E.D. Cal. Mar. 5, 2021). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. *Id*. at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

     Plaintiff may not raise different claims against different defendants in a single action. For instance, Plaintiff may not, in a single case, assert a claim related to the force used on August 30, 2022 with medical claims and use of force by different defendants on a different day such as September 8, 2022.

     **C.**     **Excessive Force**

     It is unclear if Plaintiff is a pretrial detainee or a convicted inmate.  In any amended complaint, Plaintiff must clarify whether he is a pretrial detainee or a convicted inmate, as the law which applies will differ.  The Court will assume he is a pretrial detainee.

     A claim of excessive force in the context of an arrest or investigatory stop implicates the Fourth Amendment right to be free from "unreasonable ... seizures." U.S. Const. amend. IV; *see Graham v. Connor*, 490 U.S. 386, 394 (1989). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of

'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (citations omitted). Whether a law enforcement officer's use of force was "objectively reasonable" depends upon the totality of the facts and circumstances confronting him. *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir.) (en banc) (quoting *Graham*, 490 U.S. at 397), cert. denied, 545 U.S. 1128 (2005).

A court must "first assess the quantum of force used to arrest the plaintiff by considering the type and amount of force inflicted." *Drummond v. City of Anaheim*, 343 F.3d 1052, 1056 (9th Cir. 2003) (internal quotation marks and brackets omitted). Second, a court balances the government's countervailing interests. This involves considering "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. Using these factors, a court must determine "whether the force employed was greater than is reasonable under the circumstances." *Drummond*, 343 F.3d at 1058.

Here, Plaintiff fails to allege the circumstances surrounding the alleged use of force, including when it happened, how it happened and who was involved.  Plaintiff alleges he was tased. But he does not allege who tased him and the circumstances surrounding the alleged use of force.  Plaintiff also alleges he was tackled by the R.N., but does not allege the circumstances surrounding the event, what Plaintiff was doing, what was said or other facts about the circumstance. As pled, the Court cannot find that Plaintiff has stated a cognizable excessive force claim.

Plaintiff alleges that officer Justin Garcia (p2019) and officer Adriana Ponce (p1716) assaulted him by applying pressure points.  Again, Plaintiff does not allege the circumstances surrounding the event, what Plaintiff was doing, what was said or other facts about the circumstance. As pled, the Court cannot find that Plaintiff has stated a cognizable excessive force claim. Likewise, Plaintiff does not provide any facts as to the alleged excessive force by Defendant Hitchner.  Conclusory allegations are insufficient.

**D.     Excessive Force by Registered Nurse**

Plaintiff may be seeking to allege excessive force against the registered nurse who tackled

1    him.

2            Plaintiff, however, has not named the registered nurse as a defendant.  The complaint's

3    caption must contain the names of the defendants discussed in the body of the complaint. See

4    Fed. R. Civ. P. 10(a) (Rule 10(a) requires that plaintiffs include the names of all parties in the

5    caption of the complaint). The Court cannot have the complaint served on any of the parties

6    discussed in the body of the Complaint. *See Soto v. Bd. of Prison Term*, No. CIV S-06-2502 RRB

7    DAD P, 2007 WL 2947573, at *2 (E.D. Cal. Oct. 9, 2007) (The Court cannot order service of the

8    Complaint without the names of the parties included in the caption of the Complaint). Rule 10 of

9    the Federal Rules of Civil Procedure requires, among other things, that a complaint (a) state the

10   names of "all the parties" in the caption; and (b) state a party's claims in sequentially "numbered

11   paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10;

12   *Callahan v. Unknown*, No. 1:22-CV 00221 BAM PC, 2022 WL 1215260, at *3 (E.D. Cal. Apr.

13   25, 2022), report and recommendation adopted, No. 1:22-CV-221 JLT BAM, 2022 WL 1782559

14   (E.D. Cal. June 1, 2022). If Plaintiff does not know the identity of the person(s) responsible, he

15   may name them as "John Doe" or "Jane Doe."

16            In addition, it appears that Plaintiff attempts to name a private individual as a defendant.

17   To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional

18   or statutory right; and (2) that the violation was committed by a person acting under the color of

19   state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th

20   Cir. 2002). Private individuals and entities do not act under color of state law. *See Van Ort v.

21   Estate of Stanewic*h, 92 F.3d 831, 835 (9th Cir. 1996); *see also Kirtley v. Rainey*, 326 F.3d 1088,

22   1092 (9th Cir. 2003) ("While generally not applicable to private parties, a § 1983 action can lie

23   against a private party" only if he is alleged to be "a willful participant in joint action with the

24   State or its agents.") (citation and quotation marks omitted). "The United States Constitution

25   protects individual rights only from government action, not from private action." *Single Moms,

26   Inc. v. Mont. Power Co.*, 331 F.3d 743, 746–47 (9th Cir. 2003) (emphasis in original).

27       **E.     Deliberate Indifference to Medical Needs**

28            It is unclear if Plaintiff is a pretrial detainee or a convicted inmate.  In any amended

complaint, Plaintiff must clarify whether he is a pretrial detainee or a convicted inmate, as the law which applies will differ.  The Court will assume he is a pretrial detainee.

A claim of inadequate medical care brought by a pretrial detainee arises under the Fourteenth Amendment and is governed by an "objective deliberate indifference standard." *See Gordon v. County of Orange*, 888 F.3d 1118, 1124-1125 (9th Cir. 2018). In order to state a claim against any defendant for denial of medical care while a pretrial detainee, Plaintiff must allege that the defendant: (1) "made an intentional decision with respect to the conditions under which the plaintiff was confined"; (2) the "conditions put the plaintiff at substantial risk of suffering serious harm"; (3) the "defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious"; and (4) "by not taking such measures, the defendant caused the plaintiff's injuries." *Gordon*, 888 F.3d at 1125.

Plaintiff's complaint does not adequately allege that any defendant provided inadequate medical care under an objective deliberate indifference standard. Plaintiff's complaint does not identify any individual defendant or appropriately link any defendant—named or otherwise—to his claims of deliberate indifference to medical needs.  In any amended complaint, Plaintiff should clearly allege what happened, when it happened and who was involved.

Plaintiff alleges that some officers delayed Plaintiff getting medical care because they were crowded around his bedside when medical staff came to give him medical care.  Plaintiff must allege factual support that each defendant "did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious" or that "by not taking such measures, the defendant caused the plaintiff's injuries." Plaintiff must allege facts that this conduct was objectively unreasonable, a test that will necessarily "turn[ ] on the facts and circumstances of each particular case."  *Gordon*, 888 F.3d at 1125.

Plaintiff alleges his treatment plan was not followed, but fails to allege any defendant responsible.  However, "a difference in medical opinion does not constitute deliberate indifference*." George v. Sonoma Cty. Sheriff's Dep't*, 732 F. Supp. 2d 922, 937 (N.D. Cal. 2010)

(citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)). "A difference of medical opinion may amount to deliberate indifference if the prisoner shows that 'the course of treatment was medically unacceptable under the circumstances' and defendants 'chose this course in conscious disregard of an excessive risk to [the prisoner's] health.' " *Watson v. Veal*, 302 F. App'x 654, 655 (9th Cir. 2008).

### IV.    Conclusion and Order

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief.  As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a complaint form;

2.      Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order (or file a notice of voluntary dismissal); and

///

///

8

3.      If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated:    **December 20, 2022**                    /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE