# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRENTICE R. THOMAS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>B. WEAVER, et al.,<br><br>　　　　　Defendants. | Case No. 1:22-cv-01492-BAM<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM<br><br>ECF No. 10<br><br>**FOURTEEN (14) DAY DEADLINE** |

　　　　Plaintiff Prentice R. Thomas ("Plaintiff") is a county jail inmate proceeding *pro se* and *informa pauperis* in this civil rights action. The Court screened Plaintiff's complaint, and he was granted leave to amend. Plaintiff's first amended complaint is currently before the Court for screening. (Doc. 10.)

　　　　**I.　　Screening Requirement and Standard**

　　　　The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

　　　　A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Summary of Plaintiff's Allegations**

Plaintiff names as Defendants: (1) Justin Garcia, Fresno Police Officer (P2019), (2) Adriana Ponce, Fresno Police Officer (P1716), (3) Lily Hitchner, M.D. at Community Regional Medical Center ("CRMC"); (4) Fresno Police Department, and (5) Community Regional Medical Center.

In claim 1, Plaintiff alleges violations of right to adequate medical care, cruel and unusual punishment, gross negligence causing severe injury, and medical malpractice.

On August 30, 2022, Lily Hitchner, M.D. at CRMC was working in the emergency room when Plaintiff was transported in custody by Fresno PD Officers Justin Garcia and Adriana Ponce for medical evaluation for chest pain and other injuries sustained during arrest and transportation. Lily Hitchner administered a lethal dose of nitroglycerin, which having no medical history or prior contact with Plaintiff, was negligence in her diagnosis and administration of the nitroglycerin.  Officer Garcia and Officer Ponce hindered Plaintiff's medical evaluation and proper diagnosis and immediately transported Plaintiff to Fresno County jail, where deputies found Plaintiff unresponsive in a holding cell.  Plaintiff was re-transported back to CRMC and admitted into the hospital where Dr. Hitchner failed to disclose her administering nitroglycerin which contributed to Plaintiff being found unresponsive in a holding cell.

In claim 2, Plaintiff alleges violation of access to adequate medical care and freedom from cruel and unusual punishment. Officer Garcia and Officer Ponce hindered Plaintiff's medical evaluation by not allowing Plaintiff to communicate with medical staff and by being hostile toward the medical staff by being rude and unprofessional "causing cruel and unusual punishment in the form of retaliation/reprisal in the administering of the nitroglycerin."

Plaintiff alleges that he is a pretrial detainee. As to exhaustion of administrative remedies, Plaintiff alleges he filed a complaint with the Department of Public Health for the action of CRMC and filed a complaint for the action of the Fresno Police Department with Internal Affairs.

As remedies, Plaintiff seeks compensatory and punitive damages.

### III.     Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983.

**A.     Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Although Plaintiff's complaint is short, it is not a plain statement of his claims. As a basic matter, the complaint does not clearly allege sufficient factual support for each claim. For instance, Plaintiff alleges Officer Garcia and Officer Ponce "hindered" Plaintiff's medical evaluation and proper diagnosis, but fails to state facts as to what each person did to hinder and facts that they were responsible for a "proper diagnosis." In the Court's prior screening order, Plaintiff was informed that he must include factual allegations identifying what happened, when it happened and who was involved and that liability would turn the facts and circumstances of

what happened. Fed. R. Civ. P. 8. Plaintiff has been unable to cure this deficiency.

**B.      Color of Law**

"To state a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law." *Campbell v. Washington Dep't of Soc. Servs.*, 671 F.3d 837, 842 n. 5 (9th Cir. 2011) (citing *Ketchum v. Alameda Cty.*, 811 F.2d 1243, 1245 (9th Cir.1987)).

1.   Fresno Police Department

In this instance, Plaintiff names the Fresno Police as defendant. The Court recognizes that there is a split within district courts in the Ninth Circuit on whether a police department is "person" under § 1983 and a proper defendant for § 1983 claims. *See Siratsamy v. Sacramento Cty. Sheriff Dep't*, No. 2:21-cv-0678-JAM-KJN PS, 2021 WL 2210711, at *4 (E.D. Cal. June 1, 2021) (noting split of authority on whether a California sheriff's department or police department is a "person" under § 1983 and a proper defendant for § 1983 claims); *Cantu v. Kings Cty.*, No. 1:20-cv-00538-NONE-SAB, 2021 WL 411111, at *1 (E.D. Cal. Feb. 5, 2021) (discussing split within district courts in the Ninth Circuit on issue). Certain courts have found that a police department may be sued as a "person" under § 1983. *See e.g., Estate of Pimentel v. City of Ceres*, No:1:18-cv-01203-DAD-EPG, 2019 WL 2598697, at *2-*3 (E.D. Cal. Jun. 25, 2019) (rejecting argument that Ceres Police Department is not a "person" within meaning of § 1983; denying defendants' motion for judgment with respect to plaintiff's claims against Ceres Police Department).

Under section 1983, however, a local government unit may not be held responsible for the acts of its employees under a *respondeat superior* theory of liability. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978). Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice ... was the 'moving force' behind the constitutional violation ... suffered." *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007). Plaintiff does not allege facts to support a claim that any alleged constitutional violation was the result of a deliberate policy, custom or practice

4

instituted by the Fresno Police Department. Plaintiff merely names the Police Department as the employer of Officer Garcia and Ponce.  Plaintiff cannot state a claim based upon a *respondeat superior* theory of liability.

### 2. Dr. Hitchner and Community Hospital

Plaintiff asserts claims against Dr. Hitchner and CRMC for inadequate medical care.

This claim is deficient because there are no allegations that CMRC acted "under color of state law." Private hospitals, doctors, and nurses are not generally considered state actors amenable to suit under § 1983. *See Briley v. California*, 564 F.2d 849, 855-856 (9th Cir. 1977) (noting that "private hospitals and physicians have consistently been dismissed from § 1983 actions for failing to come within the color of state law requirement of this section."); *see also Fonseca v. Kaiser Permanente Med. Ctr. Roseville*, 222 F. Supp. 3d 850, 862 (E.D. Cal. 2016) ("[E]ven though doctors' services are 'affected with a public interest,' the same may be said of many professions, and this does not automatically convert their every action into an action of the state.") (citation omitted).

Plaintiff's first amended complaint does not allege facts sufficient to plausibly show that Dr. Hitchner and CRMC, for example, contracted directly with the State or municipality to provide medical services to prisoners/detainees. *See West*, 487 U.S. at 53-54. In fact, Plaintiff alleges he was brought to CRMC and saw Dr. Hitchner on an emergency basis.  Accordingly, Plaintiff fails to allege facts that either defendant acted under color of law.

To the extent Plaintiff intended to raise a *Monell* claim against the hospital, he offers no allegations to support a policy or practice that led to the constitutional deprivation. Instead, Plaintiff's allegations are specific to the treatment Dr. Hitchner gave to Plaintiff, which is not sufficient for a claim against CRMC.

**C.     Objective Deliberate Indifference to Medical Needs**

A claim of inadequate medical care brought by a pretrial detainee arises under the Fourteenth Amendment and is governed by an "objective deliberate indifference standard." *See Gordon v. County of Orange*, 888 F.3d 1118, 1124-1125 (9th Cir. 2018). In order to state a claim against any defendant for denial of medical care while a pretrial detainee, Plaintiff must allege

that the defendant: (1) "made an intentional decision with respect to the conditions under which the plaintiff was confined"; (2) the "conditions put the plaintiff at substantial risk of suffering serious harm"; (3) the "defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious"; and (4) "by not taking such measures, the defendant caused the plaintiff's injuries." *Gordon*, 888 F.3d at 1125.

Plaintiff's first amended complaint fails to state a claim upon which relief can be granted. Plaintiff's allegations that Dr. Hitchner gave him the wrong dose of nitroglycerin is a negligence or medical malpractice claim. *See Davidson v. Cannon*, 474 U.S. 344, 347 (1986) (that a plaintiff may have suffered harm, even if due to another's negligent conduct, does not in itself, necessarily demonstrate an abridgment of constitutional protections). "The Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is beneath the threshold of constitutional due process." *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998); *see also Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) ("[T]he Due Process Clause is simply not implicated by a negligent act of an official.") (citation and internal quotation marks omitted).

Plaintiff fails to state a cognizable claim against Officers Garcia and Ponce. Plaintiff alleges Officer Garcia and Officer Ponce hindered Plaintiff's medical evaluation and proper diagnosis and immediately transported Plaintiff to Fresno County jail. Plaintiff fails to allege any factual support that their conduct interfered with medical treatment. Plaintiff does not explain how Defendants' conduct and medical decisions caused his injuries. Conclusory allegations are insufficient.

At most, Plaintiff alleges claims for negligence. Section 1983 does not impose liability for violations of duties of care arising out of state tort law. *DeShaney v. Winnebago County DSS*, 489 U.S. 189, 201-03 (1989). To state a claim, a plaintiff must show a specific constitutional or federal guarantee safeguarding the interests that have been invaded. *Paul v. Davis*, 424 U.S. 693, 697 (1976). "[A] claim of medical malpractice or mere negligence is insufficient to make out a Fourteenth Amendment claim." *Sarkiss v. Duncan*, No. CV 17-06866-VAP (DFM), 2017 WL

10562979, at *6 (C.D. Cal. Sept. 22, 2017).  Plaintiff has been unable to cure this deficiency.

### D. State Law Claims

The Court notes that Plaintiff has not sufficiently alleged compliance with the Government Claim Act. "California's Government Claims Act requires that a tort claim against a [state] public entity or its employees for money or damages be presented to the California Victim Compensation and Government Claims Board ... no more than six months after the cause of action accrues." *Lopez v. Cate*, No. 1:10-cv-01773-AWI, 2015 WL 1293450, at *13 (E.D. Cal. 2015) (citing Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–950.2). "Timely claim presentation is not merely a procedural requirement, but is ... a condition precedent to plaintiff's maintaining an action against defendant and thus an element of the plaintiff's cause of action." *Id.* (internal quotation marks and citations omitted). The "obligation to comply with the Government Claims Act" is independent of the obligation to exhaust administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"). *McPherson v. Alamo*, No. 3:15-cv-03145-EMC, 2016 WL 7157634, at *6 (N.D. Cal. 2016) (citing *Parthemore v. Col*, 221 Cal. App. 4th 1372, 1376 (2013)).

Plaintiff appears to raise claims under California state law. While Plaintiff alleges that he filed a claim with the Department of Public Health for the action of CRMC and filed a complaint for the action of the Fresno Police Department with Internal Affairs, (ECF No. 10 at 5), Plaintiff does not allege that he presented a claim to the California Government Claims Program (the successor to the Victim Compensation and Government Claims Board). Plaintiff does allege whether such a claim was presented within six months of the incidents underlying this action.

Further, "Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. Subject-matter jurisdiction exists in civil cases involving a federal question or diversity of citizenship." *Bates v. Gen. Nutrition Centers, Inc.*, 897 F. Supp. 2d 1000, 1002 (C.D. Cal. 2012) (internal citations omitted). Plaintiff's complaint fails to state a viable claim under federal law. Accordingly, it is not necessary for the Court to determine whether any of the claims as alleged adequately state a claim under state law.

7

In the absence of a viable federal claim, the Court may decline to exercise supplemental jurisdiction over the state law claims, and the Court lacks diversity jurisdiction to hear the state law claims on their own. Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." However, a court "may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.' " *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (quoting 28 U.S.C § 1367(c)(3)); *see also Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) (where a court declines to exercise supplemental jurisdiction, dismissal of the state law claims is without prejudice). Here, the Court lacks any basis for exercising supplemental jurisdiction over Plaintiff's state law claims as there is no viable federal claim.

### IV.     Conclusion and Recommendation

For the reasons discussed, the Court finds that Plaintiff has failed to state a cognizable claim for relief.  Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in his complaint.  Further leave to amend is not warranted.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Further, for the reasons stated above, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the

///

///

specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 9, 2023**                    /s/ Barbara A. McAuliffe             _
                                         UNITED STATES MAGISTRATE JUDGE