1
2
3
4
5
6
7
8               UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PRENTICE RAY THOMAS,                    Case No.  1:22-cv-01492-ADA-BAM

12              Plaintiff,                   ORDER DENYING REQUEST FOR
                                             APPOINTMENT OF COUNSEL WITHOUT
13        v.                                 PREJUDICE

14   B. WEAVER, et al.,                      (Doc. 16)

15              Defendants.

16

17        Plaintiff Prentice Ray Thomas, a county jail inmate proceeding *pro se* and *in forma*

18   *pauperis*, initiated this civil rights action on November 18, 2022.  (Doc. 1.)  Currently before the

19   Court is Plaintiff's motion for appointment of counsel.  Plaintiff requests counsel due to his

20   dyslexia, asserting that "it stands in the way of" him articulating his claims.  (Doc. 16.)

21        Plaintiff does not have the constitutional right to appointment of counsel in a civil action.

22   *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to

23   counsel in civil actions."); *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd*

24   *in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998).  The Court cannot require an

25   attorney to represent Plaintiff pursuant to 28 U.S.C. §1915(e)(1). *Mallard v. U.S. Dist. Court for*

26   *the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the

27   Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Palmer*,

28   560 F.3d at 970; *Rand*, 113 F.3d at 1525. Without a reasonable method of securing and

                                             1

1  compensating counsel, the Court will seek volunteer counsel only in the most serious and

2  exceptional cases. In determining whether "exceptional circumstances exist, a court must consider

3  the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims

4  *pro se* in light of the complexity of the legal issues involved." *Palmer*, 560 F.3d at 970 (internal

5  quotation marks and citations omitted).

6       Here, the Court does not find the required exceptional circumstances.  At this stage in the

7  proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the

8  merits.  Plaintiff has been unable to cure the pleading deficiencies previously identified by the

9  Court.  Further, there is no indication from the record that Plaintiff is unable to articulate his

10  claims pro se despite his reported condition.  If Plaintiff requires additional time to comply with

11  Court deadlines due to his dyslexia, he may request appropriate extensions of time.  Accordingly,

12  Plaintiff's request for the appointment of counsel is DENIED without prejudice.

13
14  IT IS SO ORDERED.

15    Dated:   **February 3, 2023**              /s/ *Barbara A. McAuliffe*

16                                       UNITED STATES MAGISTRATE JUDGE

17
18
19
20
21
22
23
24
25
26
27
28